Tilghman C. J.
Negro Stephen, who was plaintiff below, in a writ de homine replegiando, claimed his freedom under the last will and testament of Richard Williams, formerly of' the state of Maryland deceased, dated the 2d April, 1768. In avoidance of this, the defendant, Henry Wood, gave in evidence an act of assembly of Maryland, made in the year 1752, chap. 1, sec. 3, by which manumissions by last will and testament were declared to be void. This act was to continue three years from its making, and to the end of the next session of assembly thereafter. The defendant gave evidence also of the continuation of this act, until the year 1766, and of its repeal by an act passed at November session 1796, chap. 67, sec. 12. The Court of Common Pleas was of opinion, that this evidence was not sufficient to prove, that the act of 1752, was in force in 1768, when the will of Richard Williams bears date. I cannot perceive any error in this opinion. The continuation of the act of 1752, was matter of record, and should have been proved by producing the laws making the continuance. It is very possible, that the act of 1752, might have been suffered to expire, and then been revived, leaving an interval during which the will of Richard Williams was made. So that the inference to be drawn from the repealing act of 1796, is not sufficient to support the defendant’s case, which requires that the act of 1752 should have been in force in the year 1768. The defendant gave further in evidence the record of a petition for freedom by Sarah Round, grandmother of negro Stephen, against Samuel Chase, Esq. by whom the said Sarah was held as a slaye. , *176 The petitioner claimed her freedom under the same will of Richard Williams, and by the judgment of the General Court of Marylard the petition was dismissed. But I do not consider the record as evidence against negro Stephen, because he was neither party nor privy to the petition of Sarah Pound. He claims freedom, not under her, but under his mother Jane Brown, who was also manumitted by the will of Richard Williams. So, that upon the whole, there was no evidence by which the will of Richard Williams was rendered void. This was the opinion of the Court of Common Pleas. The judgment should therefore be affirmed.
Yeates J. and Bb.ackenb.idge J. concurred.
Judgment affirmed.